1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES KERN,                              Case No.  2:23-cv-00560-JDP (PC)

12                 Plaintiff,                 ORDER GRANTING PLAINTIFF'S
                                              APPLICATION TO PROCEED IN FORMA
13          v.                                PAUPERIS

14   SACRAMENTO POLICE                        ECF No. 5
     DEPARTMENT, *et al.*,
15                                            SCREENING ORDER THAT PLAINTIFF:
                  Defendants.
16                                               (1) STAND BY HIS COMPLAINT
                                                     SUBJECT TO DISMISSAL, OR
17
                                                 (2) FILE AN AMENDED COMPLAINT
18
                                              ECF No. 1
19
                                              THIRTY-DAY DEADLINE
20

21

22          Plaintiff James Kern is a county inmate proceeding without counsel in this civil rights

23   action brought under 42 U.S.C. § 1983.  Plaintiff alleges that James Kern, a Sacramento County

24   Sheriff's Deputy, violated his constitutional rights because Kern did not have his body-worn

25   camera on while searching and collecting evidence from plaintiff's home.  The complaint, in its

26   current form, does not state a claim.  I will give plaintiff an opportunity to file an amended

27   complaint, and I will grant his application to proceed *in forma pauperis*, ECF No. 5.

28

                                               1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's factual allegations are contained in one sentence. ECF No. 1 at 3. He claims that Kern violated his constitutional rights by searching his home, moving evidence prior photographing the placement of the evidence, and seizing several pieces of evidence without his knowledge, all with Kern's body-worn camera off. *Id.* Plaintiff's claim fails because an officer

1   does not violate the constitution by having his body worn camera off. *Beitch v. Magnus*, No. CV-

2   18-0067-TUC-BGM, 2020 WL 2850185, at *8 (D. Ariz. June 1, 2020) (noting that an officer's

3   failure to turn on a body worn camera is not constitutional violation). Additionally, plaintiff has

4   neither alleged that the search and seizure were unconstitutional nor provided any factual

5   allegations regarding the context of the search and seizure.[1]

6        I will grant plaintiff a chance to amend his complaint before recommending that this

7   action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint

8   will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th

9   Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face

10  without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended

11  complaint is filed, the current complaint no longer serves any function. Therefore, in an amended

12  complaint, as in an original complaint, plaintiff will need to assert each claim and allege each

13  defendant's involvement in sufficient detail. The amended complaint should be titled "First

14  Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an

15  amended complaint, I will recommend that this action be dismissed.

16        Accordingly, it is ORDERED that:

17        1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 5, is granted.

18        2. Within twenty-eight days from the service of this order, plaintiff must either file an

19  amended complaint or advise the court he wishes stand by his current complaint. If he selects the

20  latter option, I will recommend that this action be dismissed.

21        3. Failure to comply with this order may result in the dismissal of this action.

22        4. The clerk's office is directed to send plaintiff a complaint form.

23
24  IT IS SO ORDERED.

25
    Dated:   April 24, 2023                    _____
26                                              JEREMY D. PETERSON
27                                              UNITED STATES MAGISTRATE JUDGE

28  _____
    [1] Plaintiff is advised that if he is attempting to enjoin ongoing state criminal proceedings
    against him, this court must abstain. *See Younger v. Harris*, 401 U.S. 37 (1971).