UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KERN, | Case No. 2:23-cv-00560-JDP (PC) |
| Plaintiff, | ORDER AND FINDINGS AND RECOMMENDATIONS |
| v. | |
| SACRAMENTO POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

Plaintiff brings this section 1983 case against the Sacramento Police Department and several of its employees. ECF No. 10.[1] I have reviewed plaintiff's most recent complaint and find, for the reasons stated below, that this court must abstain from considering plaintiff's claims because they implicate ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S 37, 43-44 (1971). I recommend that the complaint be dismissed on that basis.

---

[1] This docket entry is labelled as plaintiff's first amended complaint. It is, however, his second amended complaint. *See* ECF No. 8 (plaintiff's actual first amended complaint). I will direct the Clerk of Court to change the docket to reflect this.

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that defendant Sacramento Police Department and four of its employees violated his rights by illegally searching his residence, submitting false evidence against him in his state criminal case, and arresting him even after the victim failed to pick him out of a lineup. ECF No. 10 at 3. Plaintiff acknowledges that a criminal case related to these claims is ongoing. *Id.* Pursuant to the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must abstain from intervening in state proceedings where: (1) those proceedings are pending at the time the federal case is filed; (2) the state court proceedings implicate important state interests; and (3) the state court proceedings afford plaintiff an adequate opportunity to litigate his federal constitutional challenges. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). Those factors are met here. As noted above, plaintiff's state criminal proceedings are ongoing. State criminal proceedings unquestionably implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). And plaintiff has not indicated that there is any impediment to raising in state court his claims regarding the legality of the search, the falsity of the evidence, or the strength of the charges against him. Additionally, litigating plaintiff's challenges to the evidence in this court would plainly interfere with his state court proceedings, where parallel challenges might be proceeding.

Federal courts must apply the *Younger* abstention doctrine except in extraordinary circumstances, such as instances of bad faith, harassment, or malicious prosecution. *Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019). No such extraordinary circumstances are alleged to be present here.

Accordingly, it is ORDERED that:

1.      The Clerk of Court is directed to assign a district judge to this action.

2.      The Clerk of Court shall relabel the filing at ECF No. 10 as "Second Amended Prisoner Civil Rights Complaint."

3

Further, it is RECOMMENDED that this action be DISMISSED pursuant to the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 28, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4